**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MATTHEW JOHNSON, Inmate #K64656,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 04-222-MJR** |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **CORRECTIONS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Currently pending before the Court are Plaintiff's motions to supplement the complaint (Doc. 15), for reconsideration of the Court's March 7, 2005, order denying motions to appoint counsel and for preliminary injunction (Doc. 16), and to amend the complaint (Doc. 17).

*__Motions to Amend the Complaint__*

Plaintiff filed his original complaint on April 2, 2004 (Doc. 1). On November 2, 2004, Plaintiff filed a motion to amend his complaint (Doc. 7), which the Court denied on November 12, 2004 (Doc. 9), because Plaintiff had not complied with the local rules governing the filing of amended and supplemental complaints, which states:

> Amended pleadings and supplemental pleadings shall contain all allegations which a party intends to pursue. All new material in the amended pleadings shall be underlined. The original of the amended pleading shall be attached to the motion to amend the pleading so that it may be filed if the motion to amend is granted.

Local Rule 15.1; *see* FED.R.CIV.P. 15. On November 30, 2004, Plaintiff moved to amend his complaint again (Doc. 10), but one week later filed a motion to withdraw the motion to amend (Doc. 11). Then on February 24, 2005, Plaintiff filed a motion to supplement his complaint (Doc. 13).

On March 7, 2005, the Court granted Plaintiff's motion to withdraw (Doc. 11), and denied as moot the motion to amend (Doc. 10), and also denied the motion to supplement the complaint (Doc. 13) because Plaintiff had not included all claims against all defendants, as required by the above-stated rule (Doc. 14).

Now pending before the Court is another motion to amend the complaint, filed on March 8, 2005, and ostensibly sent to the Court prior to Plaintiff's receipt of the Court's March 7, 2005, order (Doc. 15). This motion attempts to add additional claims and defendants, however, it does not contain all claims against all defendants and otherwise does not conform to the local rule. Accordingly, this motion to amend (Doc. 15) is **DENIED** without prejudice.

On April 4, 2005, Plaintiff filed another motion to amend the complaint (Doc. 17). He submitted with the motion two complaints, one of which appears to be the a copy of the original complaint and the second an amended complaint containing all allegations against all defendants. Accordingly, this motion to amend (Doc. 17) is **GRANTED**. The clerk shall file as an amended complaint the second of the two documents filed with the motion. ***The Court will proceed with its threshold review pursuant to 28 U.S.C. § 1915A using this amended complaint as the only statement of the claims and defendants in the action.***

### *Motion to Reconsider*

Also pending before the Court is Plaintiff's motion to reconsider the Court's order denying counsel and denying a preliminary injunction (Doc. 16). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See,*

*e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992).  As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated.  Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

The order in question was entered in this action on March 7, 2005, and although the instant motion was not filed until March 29, 2005, it was signed and notarized on March 16, 2005, within the 10-day period.  *See* FED.R.CIV.P. 59(e).  Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its rulings denying counsel and denying a preliminary injunction in the matter was correct.  Therefore, the instant motion (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 21st day of February, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

- 3 -