IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MATTHEW JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:04-cv-222-MJR |
| | ) | |
| ALFRED G. GARCIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the Motion to Strike Defendant's Motion to Dismiss, filed by Plaintiff on October 13, 2006 (Doc. 44). The Court construes Plaintiff's motion also as a motion for appointment of counsel; therefore, the Court addresses both motions in this Order. For the reasons set forth below, the Motion to Strike is **DENIED** and the Motion to Appoint Counsel is **DENIED WITHOUT PREJUDICE**.

**Motion to Strike Defendant's Motion to Dismiss**

In his motion, Plaintiff requests this Court to dismiss Defendant's Motion to Dismiss, which he identifies as Defendant Adrian Feinerman's Answer filed May 30, 2006 (Doc. 28). The last line in this Answer reads: "WHEREFORE, Dr. Adrian Feinerman respectfully requests and prays that this Court dismiss the plaintiff's claim." The Court does not construe this language contained at the end of Defendant Feinerman's answer as a motion to dismiss. Therefore, Plaintiff's Motion to Strike is **DENIED**.

**Motion to Appoint Counsel**

In this lawsuit, Plaintiff Johnson alleges deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc 21). Plaintiff moves this Court to appoint an attorney to represent him due to the complexity of this case and due to his limited ability to investigate and otherwise

represent himself (Doc. 44).

Section 1915(e)(1) of 28 U.S.C. provides that the Court "may request an attorney to represent any person unable to afford counsel." However, there is no constitutional or statutory right to counsel for a civil litigant. Stroe v. Immigration and Naturalization Services, 256 F.3d 498, 500 (7th Cir. 2001); Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." 577 F.2d at 431; See also Gil v. Reed, 381 F.3d 649, 656-657 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1). The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961).

The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel. Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004); Zarnes, 64 F.3d at 288. After meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel. Those factors are: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of the legal issues raised by the complaint. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993); Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).

Plaintiff has not fulfilled the initial burden of attempting to secure counsel without court

intervention.  Accordingly, an appointment of counsel is not warranted at this time.  The Plaintiff is directed to contact at least three attorneys regarding representation in this case prior to filing another motion for appointment of counsel.  If the Plaintiff is unable to secure an attorney, Plaintiff must include, in any subsequent motion, the names of at least three attorneys he has contacted, their addresses, and the dates that he contacted them.  The Plaintiff should also attach, if possible, the letters from the attorneys declining representation.  In addition, the Plaintiff should address the five factors listed above in any subsequent motion..

## CONCLUSION

For the foregoing reasons, the Motion to Strike Defendant's Motion to Dismiss (Doc. 44) is **DENIED**, and the Motion to Appoint Counsel (Doc. 44) is **DENIED WITHOUT PREJUDICE.**

**DATED: November 13, 2006**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**