UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MATTHEW JOHNSON, #K-64656,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 04-cv-0222-MJR** |
| ) | |
| **ROSALINA GONZALES, ALFRED G.** ) | |
| **GARCIA, DR. CHRIS RICE, ADRIAN** ) | |
| **FEINERMAN, MARSH HILL, SUSAN** ) | |
| **DASHER, BRENDA GAIL and** ) | |
| **LIEUTENANT KEITH HUBER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM and ORDER

**REAGAN**, **District Judge:**

Before the Court is Defendants' Motion to Dismiss for Want of Prosecution pursuant to Fed. R. Civ. P. 41(b) (Doc. 49). Defendants Dasher, Feinerman, Gale, Garcia, Gonzales and Hill move the Court to dismiss Plaintiff Johnson's claim for failure to comply with discovery requests.

**I.   Background**

Johnson, an inmate incarcerated at the Pinckneyville Correctional Center, filed this action alleging that Defendants failed to provide him with medical treatment in violation of his constitutional rights under 42 U.S.C. § 1983. (Doc. 1). Defendants state that Johnson has failed and refused to sign the authorization form for release of his Illinois Department of Corrections ("IDOC") medical records and Master File. Defendants argue that they cannot begin prosecution of their defense without these records. Defendants state that Rule 41(b) allows a court to dismiss an action where plaintiff has failed to comply with the rules of discovery and where there is a record of delay or contumacious behavior.

## II. Analysis

The Seventh Circuit has set forth certain factors to guide a district court in determining whether to dismiss a case for want of prosecution under Rule 41(b). These factors include the frequency and magnitude of the plaintiff's failure to comply with deadlines for prosecution of the suit, the effect of those failures on the Judge's calendar, the prejudice (if any) to the defendant caused by the plaintiff's dilatory conduct, and the probable merits of the suit. *See Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, **325 F.3d 903, 908 (7th Cir. 2003)**. Although there is no "grace period" before a court may dismiss a case for failure to prosecute, the Seventh Circuit does require an explicit warning prior to dismissal. *Ball v. City of Chicago*, **2 F.3d 752, 760 (7th Cir. 1993)**.

In applying these factors to the instant case, the Court finds that Defendants' motion is premature. On November 16, 2006, Defendants filed motion to compel plaintiff to sign the authorization for release of medical health information.[1] (Doc. 46). On December 4, 2006, Johnson responded that he had signed several authorization forms for his medical records from the Pinckneyville Medical Center. (Doc. 48). Johnson objected to signing a release for all of his IDOC medical records, asserting that only the Pinckneyville medical records were relevant to his claims. *Id*. Instead of allowing time for the Court to rule on Defendants' motion to compel, Defendants filed the instant motion approximately eighteen days after filing their motion to compel.

On December 28, 2006, Magistrate Judge Donald G. Wilkerson granted Defendants' motion to compel and ordered Johnson to sign and submit IDOC's authorization for release of medical health information within thirty days of receiving it from Defendants. (Doc. 51).

---

[1] Curiously, Defendants' motion to compel was limited to medical records and did not address production of Johnson's Master File.

Magistrate Judge Wilkerson explicitly warned Johnson that failure to comply with this order could result in dismissal of his case.  *Id*.  In light of the magistrate judge's Order, the Court will deny Defendants' motion as premature and allow Johnson an opportunity to comply.

### III.     Conclusion

Accordingly, the Court hereby **DENIES**  Defendants' Motion to Dismiss for Want of Prosecution pursuant to Fed. R. Civ. P. 41(b) (Doc. 49).

**IT IS SO ORDERED.**

**DATED this 3rd day of January, 2007**

                                                         **s/Michael J. Reagan         **
                                                         **MICHAEL J. REAGAN**
                                                         **United States District Judge**