IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW JOHNSON, )
      )
    Plaintiff, )
      )
v. ) Case No. 3:04-cv-222-MJR
      )
ROSALINA GONZALES, et al., )
      )
    Defendants. )

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a report and recommendation on the Motion to Dismiss Plaintiffs First Amended Complaint (Doc. 79), filed by Defendants Adrian Feinerman, Rosalina Gonzales, Alfred Garcia, Marsh Hill, Susan Dasher, and Brenda Gail. For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED**.

### FINDINGS OF FACT

Plaintiff, an inmate at Pinckneyville Correctional Center in Illinois brought this action under 42 U.S.C. 1983, alleging Defendants were deliberately indifferent to his serious medical needs and also failed to provide him with basic personal hygiene products, all in violation of the Eighth Amendment (Doc. 77). Plaintiff's original complaint was filed on April 2, 2004 (Doc. 1).

In his September 27, 2007 Amended Complaint, Plaintiff alleges five counts. In Count I, Plaintiff alleges that Defendants Feinerman, Garcia, and Gonzales were deliberately indifferent to Plaintiff's serious medical need when they denied him pain killers and antibiotics as treatment for a urinary tract infection on June 14, 2001, October 14, 2001, and March 1, 2003. Count I

also alleges an extensive delay in obtaining Plaintiff's test results, during which time he was not treated for pain (Doc. 77 at 1-2).

In Count II, Plaintiff alleges that Defendants Dasher, Feinerman, Gail, Garcia, Gonzales, Hill, and Rice were deliberately indifferent to Plaintiff's serious medical need in their treatment of Plaintiff's high blood pressure. Specifically, Plaintiff alleges that Defendants Garcia and Gonzales did not properly treat Plaintiff's high blood pressure, either through a modified diet or medication, and that he suffered chest pain and light heart attacks as a result (Doc. 77 at 2-3). Plaintiff claims that when he was given medication, it caused unbearable side effects which were also untreated, including chronic constipation that Plaintiff states went untreated by Dr. Garcia and Dr. Feinerman (Doc. 77 at 4). Plaintiff further alleges that from February 17, 2003, to April 15, 2005, Defendant Gail falsified blood pressure readings, failed to address his high blood pressure, and failed to record Plaintiff's complaints on his medical chart (Doc. 77 at 3). Plaintiff also claims that Defendant Garcia and Dasher failed to log Plaintiff's complaints of chest pain (Doc. 77 at 3). Additionally, Plaintiff asserts that Defendant Rice falsified Plaintiff's blood pressure readings (Doc. 77 at 3), and that Defendant Hill intentionally failed to log Plaintiff's complaints of painful and bloody stool into Plaintiff's medical chart (Doc. 77 at 4).

In Count III, Plaintiff alleges that Defendants Feinerman, Garcia, and Rice were deliberately indifferent to Plaintiff's serious medical need with regard to his diet. Plaintiff alleges that Dr. Garcia prescribed a food supplement for Plaintiff but that there were numerous times when the supplement was not provided, with Defendants Feinerman and Rice eventually discontinuing the prescription (Doc. 77 at 4). Plaintiff alleges that denial of the food supplement meant he could not obtain nutritious meals, causing him to lose over twenty pounds as a result (Doc. 77 at 4).

In Count IV, Plaintiff alleges that Defendants Feinerman and Garcia were deliberately indifferent to his serious medical need when they discontinued his "low bunk/low gallery permit." (Doc. 77 at 5). Plaintiff claims that this failure to properly treat him caused him to fall, injuring his ankle and hand, on March 11, 2003 (Doc. 77 at 5). Plaintiff alleges similar falls on multiple occasions and that Defendants never made a report of these injuries (Doc. 77 at 5).

In Count V, Plaintiff alleges that Defendant Huber denied Plaintiff personal hygiene products and, as a result, Plaintiff was unable to care for his fundamental needs. Count V is not implicated in this Motion to Dismiss.

Defendants filed the instant Motion to Dismiss on October 23, 2007, claiming that Counts I, II, III, and IV are barred by the applicable two-year statute of limitations period and that Count IV also fails because Plaintiff failed to allege that Defendants' actions caused Plaintiff's injuries (Doc 79; Doc 79-1).

## CONCLUSIONS OF LAW

In deciding a motion to dismiss, the court is required to "accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the plaintiff." Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 637 (7th Cir. 2004). The court must also determine whether "'it appears beyond doubt that the plaintiff cannot prove any set of facts entitling it to relief' under any legal theory" before granting a motion to dismiss. County of McHenry v. Ins. Co. of the West, 438 F.3d 813, 819 (7th Cir. 2006) (quoting Cleveland v. Rotman, 297 F.3d 569, 571 (7th Cir. 2002). Moreover, Defendants bear the burden of demonstrating any affirmative defenses under Federal Rule of Civil Procedure 8(c) raised in the motion to dismiss. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Finally, Plaintiff's complaint is not required to set forth specific facts but only a short plain statement notifying the

Defendant of the claim and indicating that the Plaintiff is entitled to relief for his claim. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

**Statute of Limitations**

Plaintiff's complaint arises under 42 U.S.C. 1983, which does not contain an express statutory limitations period. However, "federal courts adopt the forum state's statute of limitations for personal injury claims." Johnson v. Rivera, 272 F.3d 519, 521 (7th Cir. 2001). In Illinois, the limitations period for Section 1983 cases is two years. Id. The adopted statute of limitations is also subject to state and federal rules regarding tolling and accrual of claims. Heard v. Sheahan, 253 F.3d 316, 317-318 (7th Cir. 2001) (holding that so long as deliberate indifference continued, the statute of limitations did not start running). One of the provisions that tolls the statute of limitations in a Section 1983 case is the Prisoner Litigation Reform Act, 42 U.S.C. 1997e(a), which operates to delay the start of the limitations period while an inmate is exhausting his available administrative remedies. Johnson, 272 F.3d at 522.

Because the statute of limitations is an affirmative defense under Federal Rule of Civil Procedure 8(c), Defendants bear the burden of demonstrating that the limitations period expired before the filing of Plaintiff's Complaint. Gomez v. Toledo, at 640. If Defendants can meet that burden, the burden shifts to Plaintiff to show that the claim is subject to tolling or accrual periods that operate to lengthen the applicable limitations period.

Defendants' have not met their burden with respect to Count I. Plaintiff's original complaint was filed on April 2, 2004, meaning that absent tolling, his cause of action would have to begin accruing on or after April 2, 2002, in order to satisfy the statute of limitations period. Plaintiff's Amended Complaint states that at least some of the events occurred in 2001– well before April 2, 2002 (Doc. 77). Plaintiff asserts, however, that these 2001 claims were tolled

4

while Plaintiff awaited a response to a December 11, 2001 grievance, which he did not receive until after April 8, 2002 (Doc. 93 at 1-2). This would operate to delay the accrual date of the claim until at least April 8, 2002, meaning that the original complaint, dated April 2, 2004, would have been filed within the two-year statute of limitations period. Plaintiff's assertions create a plausible set of facts showing that he is entitled to relief, to which Defendants have not responded. Because it does not appear beyond doubt that Plaintiff cannot prove any set of facts entitling him to relief, the Court recommends that Count I should not be dismissed at this time.

Defendants also fail to meet their burden with respect to Count II, III, and IV with regard to their argument that dismissal without prejudice is warranted because Plaintiff failed to allege specific dates in his complaint such that a determination regarding the statute of limitations period could be made (Doc. 77-1 at 3). Defendants do not explicitly state that these claims are barred by the applicable two year statute of limitations, but rather that they believe Plaintiff was required to identify the dates identifying when his claims arose. Defendants are, of course, entitled to raise the affirmative defense that Plaintiff has failed to comply with the applicable statute of limitations period; however, it is Defendants' burden to prove that defense. <u>Gomez v. Toledo</u> at 640. Plaintiff is not required to plead with such specificity – he is only required to give a short plain statement showing that he is entitled to relief. <u>Erickson</u>, 127 S. Ct. at 2200. Defendants must identify the dates on which the claims arose to demonstrate that the claims are barred by the statute of limitations. Discovery is the proper method to obtain this information; Plaintiff is not required to provide all the fact necessary to prove Defendant's affirmative defense in his complaint.

Because Defendants have not shown that the statute of limitations bars the claims in count II, III, or IV, dismissal on statute of limitation grounds is not proper.

**Alternate Basis for Count IV Dismissal**

Defendants also argue that Count IV be dismissed without prejudice because "Plaintiff does not allege that he fell due to the discontinued low bunk, low gallery permit."[1] (Doc. 80 at ¶ 4). However, Plaintiff's Amended Complaint clearly alleges "both Dr. Garcia and Dr. Feinerman failed to address the plaintiff's condition by discontinuing his low bunk/low gallery ermit . . . That as a result on March 11, 2003 the plaintiff fell and injured his hand and ankle." (Doc. 77 at 5, ¶¶ 3-4). Plaintiff clearly alleged that Defendants' actions caused his injuries. The dismissal of Count IV is, therefore, unwarranted.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Motion to Dismiss be **DENIED** without prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: April 11, 2008**

                          s/ *Donald G. Wilkerson*
                          **DONALD G. WILKERSON**
                          **United States Magistrate Judge**

---

[1] Defendants do not request this relief in the Motion to Dismiss, but rather in their Memorandum of Law in Support of their Motion to Dismiss. Because the Court finds that this point is without merit, it need not address the effect of failing to raise the issue in the motion.